**Appeal of TOWNSEND LUMBER CO.**        **Docket No. 830.**

The evidence establishes the worthlessness of debts charged off within the taxable years.

Submitted February 26, 1925; decided March 25, 1925.

*J. Alex Neely, Jr., Esq.,* for the taxpayer.
*Arthur J. Seaton, Esq.,* for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

This appeal involves deficiencies in income and profits taxes for the calendar years 1919 and 1920 and originally presented two issues; one as to invested capital, and the other as to the taxpayer's

right to deduct amounts alleged to be bad debts. The invested capital issue was withdrawn by the taxpayer at the hearing, and the only issue therefore is whether the debts charged off were worthless.

### FINDINGS OF FACT.

In the calendar year 1919 the taxpayer charged off $9,233.74, and in 1920, $28,545.57. These accounts were all merchandising accounts and were more than 250 in number. They were in varying amounts ranging from 10 cents to $1,000, but many of them were less than $100. The debts were all charged off after exhaustive efforts had been made in each instance to collect and because, under the circumstances of each case, a judgment would either be entirely worthless or too expensive to justify suit for the amount involved.

The taxpayer had a collector who called personally upon the debtors wherever they were available, and in many instances sent letters. The letters were never answered. When the collector was unable to collect he would report to the bookkeeper and head of the credit department, who would consider the matter, and after reaching the conclusion that all means of collection had been exhausted, would list the accounts and submit them to the general manager. Each account was individually considered and written off only after careful effort to collect had been made and the value of a judgment had been considered and determined worthless.

The taxpayer's evidence consisted of a detailed list of the accounts, with the names of the debtors and the amounts, and the oral testimony of its bookkeeper and credit manager, who testified in respect of a substantial number of the individual accounts. The witness took the first account on the list, being an amount of $2.32. At the end of 1919 this account was long past due and was only written off after the taxpayer had exhausted all the means it had to collect. It could not afford to sue because the amount was too small. The collector had been sent to the debtor, and the debtor had refused payment. In some of the larger accounts the credit was originally extended because it was believed that the customer had property from which a judgment could be collected, but when the taxpayer later investigated before bringing suit it found that either the taxpayer had no property or that it was subject to prior liens, and a judgment would not be satisfied. The witness stated that the testimony given in respect of the particular accounts named was typical of the facts in respect of all the accounts, and from the evidence submitted, the Board finds as a fact that the accounts stated on the list introduced in evidence were worthless and charged off in the taxable years in question.

Some of the accounts were subsequently paid, and the amounts received were included in the income of the taxpayer in the years paid.

### DECISION.

The accounts shown by the taxpayer's Exhibit 1, aggregating $37,779.31—$9,233.74 for the year 1919, and $28,545.57 for the year 1920—were properly deductible from gross income in such years,

respectively. The deficiency should be recomputed accordingly, and final decision will be settled on consent or on 15 days' notice in accordance with Rule 50.